```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


RICHARD LESLIE DOCKUM,          §
Reg. No. 1230312,               §
                                §
              Plaintiff,        §
                                §
v.                              §    CIVIL ACTION NO. H-05-1851
                                §
HARRIS COUNTY SHERIFF'S         §
DEPARTMENT., et al.,            §
                                §
              Defendants.       §
```

## MEMORANDUM OPINION AND ORDER

Richard Leslie Dockum, a Texas prisoner, has filed a civil rights complaint against the Harris County Sheriff's Department, the Harris County Jail Nursing Staff, Aramark Incorporated, and two physicians, Dr. Seale and Dr. Lockust. The court will dismiss this action because the claims have been previously considered and rejected in federal district court.

Dockum allegedly had a preexisting knee condition, which was ignored and neglected by the medical staff when he was taken to the Harris County Jail. He claims that he suffered a slip-and-fall accident at the jail due to Aramark's improper maintenance of a sink and shower floor. He further states that the staff misdiagnosed his injury, which resulted in further damage to his knee and back. Dockum asserts that he now requires knee replacement, and he seeks punitive and compensatory damages for his

pain and suffering in addition to payment for future medical expenses.

Dockum presented the same claims in a prior federal civil rights action. Dockum v. Harris County Sheriff's Department, No. H-04-2140 (S.D. Tex. Mar. 18, 2005). That action was dismissed after it was determined that Dockum had failed to state an actionable claim. Id.

Maintenance of the instant action would be redundant and an impermissible waste of judicial resources. See Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990); Farquson v. MBank Houston, N.A., 808 F.2d 358 (5th Cir. 1986). A federal court may dismiss a civil rights action filed by a prisoner if the court determines that the action is malicious. 28 U.S.C. § 1915(e)(2). Duplicative cases are malicious as a matter of law under § 1915. See Hill v. Estelle, 423 F.Supp. 690 (S.D. Tex. 1976). Duplicative claims can be dismissed sua sponte. Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989).

Therefore, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993).

Dockum's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**. However, Dockum is obligated to pay the entire filing fee ($250.00) under 28 U.S.C. § 1915(b). The Inmate Trust Fund of the Texas Department of Criminal Justice shall deduct

$6.00 from Dockum's account and forward the money to the Clerk of this court.  Thereafter, the Inmate Trust fund shall deduct 20% of each deposit made to Dockum's account and forward the funds to the Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b)(2) until the fee has been paid.

### Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED.**

2. The TDCJ Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3. This cause of action, filed by Inmate Richard Leslie Dockum, TDCJ-CID #1238312, is **DISMISSED** as malicious.  28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 12th day of August, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE